UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

ALLSTATE INSURANCE COMPANY, ET AL.,

                     **Plaintiffs,**

  -against-

DMITREI ABRAMOV, ET AL.

                     **Defendants.**

CIVIL ACTION

16-CV-1465
(AMD)(VMS)

DECLARATION OF
DANIEL MARVIN

-------------------------------------------------------------------- X

      **DANIEL MARVIN** declares, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.    I am a Partner with the firm of Stern & Montana, LLP ("Stern & Montana"), attorneys for Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company and Allstate Northbrook Indemnity Company ("Plaintiffs" or "Allstate") in the above-entitled action, and I am fully familiar with all the facts and circumstances in this matter.

      2.    I submit this declaration in support of Plaintiffs' Opposition to Defendants,' MDAX, Inc. ("MDAX") and Uriyel Mirzakandov ("Mirzakandov") (collectively, "Defendants"), motion for sanctions against Allstate and its counsel ("the Motion") pursuant to Fed. R. Civ. P. 11 ("the Rule" or "Rule 11").

      3.    For the reasons set forth herein, and in the accompanying Memorandum of Law in Opposition to the Motion (the "Opposition"), the relief requested by Defendants must be denied in its entirety, and Plaintiffs awarded their reasonable expenses, including attorney's fees, because: (i) Defendants' Motion was submitted for the improper purpose of attempting to extort early discovery and test the merits of the case, in contravention to well-settled case law; (ii)

1

Defendants have failed to show any violation of Rule 11(b)(3), as Defendants' submission of the self-serving Declaration of Uriyel Mirzakandov in support of their Motion is deficient on its face, and Defendants have failed to prove that any allegations were false or utterly lacking in support; (iii) Defendants have failed to prove that Plaintiffs did not conduct a reasonable pre-filing inquiry; (iv) every allegation in the Amended Complaint was the result of reasonable inquiry under the circumstances, and is supported by evidence or likely will be supported by evidence upon the opportunity for discovery; (v) Defendants have failed to show entitlement to the ultimate sanction of striking the pleadings; and (vi) Defendants' Motion is both legally and factually baseless, and Defendants were fully aware of the frivolity of the Motion prior to filing, warranting the sanction of reasonable attorneys' fees and other expenses to Plaintiffs.

4. By way of brief background, on March 25, 2016, Plaintiffs filed the Complaint in the instant alleging, *inter alia*, violations of the RICO Act, 18 U.S.C. §§ 1961 *et seq.*, and stating claims for common law fraud, unjust enrichment and for declaratory relief (ECF No. 1). Plaintiffs filed the Amended Complaint on May 9, 2016 (ECF No. 5). The Amended Complaint alleges that MDAX and its owner, Uriyel Mirzakandov, (and other retailers, wholesalers and their respective individual owners), systematically stole hundreds of thousands of dollars from automobile insurance companies, including Allstate, via the submission of fraudulent claims for durable medical equipment and/or orthotic devices (collectively referred to as "DME") purportedly supplied to persons who allegedly sustained injuries covered by the New York State Comprehensive Motor Vehicle Insurance Reparations Act, Ins. Law §§ 5101, *et seq.* (popularly known as the "No-fault Law.").

5. On September 9, 2016, Defendants filed an Answer and Counterclaim, asserting claims against Allstate which are legally and factually baseless and implausible on their face (ECF No. 185).

6. On September 26, 2016, Allstate sought permission from this Court to file a Motion to Dismiss the Counterclaims and expressed their intention to file a Motion for Rule 11 Sanctions against Defendants and their counsel, for filing Counterclaims which are entirely without merit and have no chance of success (ECF No. 217). This Court granted leave to file a Motion to Dismiss on November 7, 2016. *See* Minute Entry 11/7/2016.

7. Within three days of Plaintiffs' pre-motion conference letter, Defendants, for the first time since the filing of the Complaint, sent Allstate a letter demanding Allstate "articulate a Rule 11 basis for filing the RICO lawsuit." *See* 9/29/2016 Letter from Howard Foster, annexed hereto as Exhibit "A."

8. On October 5, 2016, the undersigned responded to Defendants' September 29 letter, articulating the foundation for the Amended Complaint and further confirming that, in accordance with Rule 11, "all of the allegations contained in the Complaint were formed to the best of Plaintiffs' knowledge, information, and belief, and formed after an inquiry reasonable under the circumstances." *See* 10/5/2016 Letter from Daniel Marvin, annexed hereto as Exhibit "B."

9. Notwithstanding Plaintiffs' response, Defendants served Plaintiffs with notice and a copy of the instant Rule 11 Motion, which was dated November 1, 2016.

10. Once again, in order to avoid frivolous litigation, the undersigned responded by way of letter extensively setting forth the basis for the Amended Complaint, complete with documentary evidence in support of the allegations specifically challenged by Defendants, which

plainly discredited Defendants' assertions in the Motion. Plaintiffs also supplied relevant case law and notified Defendants in no uncertain terms that their Motion was baseless and, if filed, would itself be a violation of Rule 11. Plaintiffs reiterated that the allegations in the Amended Complaint were formulated after an inquiry reasonable under the circumstances as required by the Rule. *See* Plaintiffs' Letter Response to Defendants' Notice of Rule 11 Motion (the "Response Letter"), annexed hereto as Exhibit "C."

11. Despite Plaintiffs' letter demonstrating the support for the allegations and the reasonable basis for asserting them, Defendants continued their frivolous motion practice by filing the instant Motion with this Court on November 28, 2016, without making any changes to the false claims in the Motion that Plaintiffs' identified in the Response Letter (ECF Nos. 244–46).

12. As counsel for Plaintiffs, the undersigned hereby affirms and represents to this Court that Plaintiffs' counsel conducted a reasonable inquiry into the basis of the allegations against MDAX and Uriyel Mirzakandov prior to the filing of the Amended Complaint, and, to the best of Plaintiffs' knowledge, information, and belief, the allegations in the Amended Complaint have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Such inquiry included, but was not limited to, review of claim documentation submitted by Defendants to Allstate, review of Examination Under Oath ("EUO") testimony of claimants who assigned their benefits to Defendants, and to whom MDAX purportedly supplied DME which was then billed to Allstate, review of federal and state guidelines regarding billing codes and procedures for DME, and review of other litigation involving DME wholesalers and retailers that are affiliated with and/or that employed/were operated by Defendants.

13.    Notably, much of this evidence, which was generated by Defendants in the first place, was identified and brought to Defendants' attention in Plaintiff's Letter Response to Defendants' Notice of Rule 11 Motion.

14.    Moreover, although Defendants' Motion is utterly lacking in support and deficient on its face, counsel for Plaintiffs, in order to protect against the potential for any adverse judgment, have been forced to expend considerable time in opposing the instant Motion.

15.    As explained in Plaintiffs' Opposition, Defendants' Motion is entirely without merit, fails to meet the high burden of proof required to support a claim for sanctions, and was filed for improper purposes and with the express knowledge of its frivolity. For these reasons, Plaintiffs respectfully submit that Defendants' egregious actions in needlessly multiplying the litigation and forcing Plaintiffs to defend a baseless motion warrant not only a denial of the Motion in its entirely, but also, the imposition of sanctions on Defendants and their counsel; specifically, the reasonable attorneys' fees and other expenses incurred by Plaintiffs in opposing the Motion.

## RELEVANT EXHIBITS

16.    Annexed hereto as Exhibit "A" is a true and correct copy of the September 29, 2016 Letter from Howard Foster demanding Allstate "articulate a Rule 11 basis for filing the RICO lawsuit" (the "Foster Letter").

17.    Annexed hereto as Exhibit "B" is a true and correct copy of the October 5, 2016 Letter from Daniel Marvin in response to the September 29 2016 Foster Letter.

18.    Annexed hereto as Exhibit "C" is a true and correct copy of the November 22, 2016 Plaintiffs' Letter Response to Defendants' Notice of Rule 11 Motion (the "Response Letter").

19. Annexed hereto as Exhibit "D" is a true and correct copy of Prescription Forms, Delivery Receipts, and NF-3 Verification of Treatment forms submitted by MDAX to Allstate containing generic DME descriptions as described in paragraphs 193 and 196 of the Amended Complaint.

20. Annexed hereto as Exhibit "E" is a true and correct copy of a search result available on the public website of Noridian Healthcare Solutions, LLC, which maintains the Durable Medical Equipment Coding System (DMECS), an official source for Durable Medical Equipment (DME) HCPCS product code verification and assignment, showing the proper billing code for certain cervical traction equipment, which Defendants have improperly and fraudulently billed since MDAX's inception.

21. Annexed hereto as Exhibit "F" is a true and correct copy of bills submitted by MDAX to Plaintiffs for reimbursement of DME for three separate claimants receiving the identical battery of no less than five DME.

22. Annexed hereto as Exhibit "G" is a true and correct copy of correspondence between MDAX and Allstate, wherein MDAX refused to provide wholesaler invoices requested by Allstate in order to verify claims submitted by MDAX for reimbursement under the No-fault law.

23. Annexed hereto as Exhibit "H" is a true and correct copy of the sworn affidavit of Semion Grafman in the matter of *State Farm Mutual Automobile Insurance Company v. Grafman et al.*, No.1:04-CV-02609 (NG) (SMG) (E.D.N.Y.), ECF No. 365-2.

24. Annexed hereto as Exhibit "I" is a true and correct copy of a check and W-9 form signed by Defendant Mirzakandov on behalf of Quest Supply, Inc., along with an invoice from wholesaler VZ Group to Quest Supply, Inc., for the purported purchase of DME.

## **DECLARATION**

25. I declare under penalties of perjury that the foregoing is true and correct.


**WHEREFORE**, Plaintiffs respectfully request that Defendants' Motion be denied in its entirety, and costs awarded to Allstate, including reasonable attorney's fees.


Dated: December 12, 2016
 New York, NY

 _____
 Daniel S. Marvin, Esq. (DM-7106)