FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 11 2020 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ALLSTATE INSURANCE COMPANY,
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, ALLSTATE NEW
JERSEY INSURANCE COMPANY, ALLSTATE
PROPERTY AND CASUALTY INSURANCE
COMPANY,

      *Plaintiffs*,

  - against -

DMITREI ABRAMOV, et al.,

      *Defendants*.
------------------------------------------------------------- X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

16-CV-1465 (AMD) (SJB)

**ANN M. DONNELLY**, United States District Judge:

  On March 25, 2016, the plaintiffs—Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate New Jersey Insurance Company, and Allstate Property and Casualty Insurance Company—brought this action alleging civil RICO, common law fraud, and unjust enrichment claims against 88 defendants. (ECF Nos. 1, 5.) On May 22, 2018, the plaintiffs moved for default judgment, which Magistrate Judge Sanket J. Bulsara denied without prejudice for failure to serve the individual defendants properly. *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465, 2019 WL 1177854, at *4-5 (E.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, 2019 WL 1172381 (Mar. 13, 2019). On April 22, 2019, the plaintiffs filed a second motion for default judgment, which they moved to amend on July 16, 2019 and January 23, 2020 after some of the defaulting parties appeared. (ECF Nos. 340, 347, 351.)

1

On July 19, 2019, I referred the plaintiffs' amended second motion for default judgment to Magistrate Judge Sanket Bulsara. In a February 21, 2020 report and recommendation, Judge Bulsara recommended that the plaintiffs' motion be granted in part and denied in part, and that judgment enter against the remaining 21 defaulting defendants. (ECF No. 352.) Specifically, he recommended that the plaintiffs' motion for default judgment be granted for the RICO and common law fraud claims, (*id.* at 36-38), that the plaintiffs be awarded treble damages without prejudgment interest, and compensatory damages and prejudgment interest, as set forth in Table 3 and Table 5 of his report, and that the plaintiffs' motion for declaratory judgment be denied and the related causes of action dismissed. (*Id.* at 36-39.) Finally, he recommended awarding the plaintiffs damages as summarized in Appendix A and B to his report. (*Id.* at 37-39.) No party has filed objections to Judge Bulsara's report and recommendation, and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

I have reviewed Judge Bulsara's well-reasoned and detailed report and recommendation and find no error. Accordingly, I adopt the report and recommendation in its entirety. The plaintiffs' motion for default judgment against the defaulting defendants is granted, with liability and damages to be entered and awarded as set forth in Judge Bulsara's report. The plaintiffs' motion for declaratory judgment is denied; the resulting causes of action are dismissed, as set

forth in Judge Bulsara's report. Finally, the plaintiffs are awarded damages in the amounts summarized in Appendix A and Appendix B to Judge Bulsara's report.

**SO ORDERED.**

                                                                  s/Ann M. Donnelly
                                                                   Ann M. Donnelly
                                                                   United States District Judge

Dated: Brooklyn, New York
       March 11, 2020