# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

WALL STREET PLAZA
88 PINE STREET, SUITE 1900
NEW YORK, NY 10005
212-825-1212

Lee Pinzow
Phone: 646-870-1745
Fax:    646-779-6889
lpinzow@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
HARTFORD
STAMFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

August 7, 2020

**Via ECF**

Hon. Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *Allstate Ins. Co. et al. v. Abramov, et al.*, No. 16-cv-1465 (AMD) (SJB)
          **Motion to Modify Restraint on Judgment Debtor Funds at Santander Bank**

Dear Judge Donnelly:

      We represent Plaintiffs-Judgment Creditors Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate New Jersey Insurance Company, and Allstate Property and Casualty Insurance Company ("Allstate") in the above-referenced matter. On behalf of Allstate and counsel for Defendants-Judgment Debtors Boris Khanis ("Khanis") and Ridge Medical Supplies Corp. ("Ridge Medical") (collectively the "Judgment Debtors"), who join in this application, we write to request that the Court enter an Order, pursuant to Fed. R. Civ. P. 69(a) and N.Y. CPLR § 5240, modifying the terms of a Restraining Notice issued by Allstate to Santander Bank to permit Santander Bank to wire the Settlement Proceeds (as defined below), pursuant to the written wire instructions and authorization by Khanis, to Allstate in accordance with a settlement agreement entered into by the parties. A proposed order concerning the foregoing is annexed hereto as Exhibit "A." As indicated below, the parties respectfully request that the Court issue the attached proposed order (the "Proposed Order") or other order the Court may deem appropriate to facilitate the wire transfer of the Settlement Proceeds from Khanis to Allstate.

      By way of brief background, Allstate brought this action on March 25, 2016, alleging civil claims based on violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, 1962(c)-(d), 1964(c), and New York common law, in connection with the Judgment Debtors' and their co-defendants' involvement in parallel schemes to defraud concerning insurance claims for reimbursement of durable medical equipment and/or orthotic devices under the Comprehensive Motor Vehicle Insurance Reparations Act of New York State, N.Y. Ins. Law § 5101 *et seq.* (popularly known as the "No-fault Law"). Upon the Judgment Debtors default in

MORRISON MAHONEY LLP

Hon. Ann M. Donnelly
August 7, 2020
Page 2

this action, on March 16 and April 21, 2020, original and amended default judgments were entered in favor of Allstate against Khanis and Ridge Medical in the amounts of $582,272.82 and $328,794.07, respectively. *See* ECF Nos. 355, 357.

On or about June 8, 2020, pursuant to N.Y. CPLR § 5222, Allstate served a Restraining Notice upon Santander Bank (the "Restraining Notice") (copy annexed hereto as Exhibit "B"). By letter dated June 18, 2020 (copy annexed hereto as Exhibit "C") and in response to the Restraining Notice, Santander Bank notified Allstate that Santander Bank is currently restraining $231,598.17 (the "Restrained Funds") in an account solely maintained by Khanis, ending in x9319 (the "Subject Account"). Allstate and the Judgment Debtor have entered into a Settlement Agreement that requires, among other things, the payment from the Restrained Funds of $100,000 (the "Settlement Proceeds") by Khanis to Allstate. Since, however, the Subject Account is restrained pursuant to the Restraining Notice, relief from the Restraining Notice is required to allow Khanis to direct, instruct and authorize Santander Bank to wire the Settlement Proceeds to Allstate in the manner described in the Proposed Order and for Santander Bank to comply with such direction, instruction and authorization to wire the Settlement Proceeds to Allstate.

N.Y. CPLR § 5240, made applicable to this matter pursuant to Fed. R. Civ. P. 69(a), provides in relevant part that "[t]he court may at any time, on . . . the motion of any interested person, and upon such notice as it may require, make an order . . . modifying the use of any enforcement procedure." In this case, an order of this Court modifying the Restraining Notice to permit Khanis to wire the Settlement Proceeds from the Restrained Funds in accordance with the terms of the settlement agreement between the parties and the Proposed Order (or other order the Court may deem appropriate) without placing Santander Bank in violation of the Restraining Notice is necessary to facilitate the agreed upon wire transfer. Accordingly, the parties respectfully request that the Court enter the Proposed Order, modifying the Restraining Notice solely to permit Santander Bank to execute a wire transfer initiated by Khanis to Allstate, as limited and solely in in the manner set forth in the Proposed Order, and as contemplated by the settlement agreement between the parties.

As noted, the Judgment Debtors consent to and join in this request.

We thank the Court for its attention to this matter.

                                      Respectfully submitted,

                                      MORRISON MAHONEY LLP

                                      By:_____/s/ Lee Pinzow_____
                                              Lee Pinzow

cc:  All Counsel of Record by ECF